# Commonwealth v. Meadowcrest Estates, Inc. (No. 1)

*Gary Dobias*, of *Nanovic & McKinley*, for appellant.

*John G. Cipko* and *Daniel F. Zeigler*, contra.

HEIMBACH, *P. J.*, September 22, 1975 — Defendants, Anthony H. Sander and Meadowcrest Estates, Inc., in a complaint filed by Harry S. Webster, Jr., Kidder Township zoning officer, were charged with having commenced the construction of a building without first obtaining building and sewage permits, in violation of section 6.205 of the Zoning Ordinance of Kidder Township, adopted October 25, 1973, which provides:

"6.205 *Other Permits* — The Township requires additional permits specified in other related ordinances and laws. For example, a building permit and an individual or community sewage disposal

system permit must be obtained prior to construction."

Defendant, Anthony H. Sander, President of Meadowcrest Estates, Inc., was found guilty of such charge and sentenced to pay a fine of $200 and $11 costs. His appeal is now before us for adjudication. Although not noted in the transcript, we assume Meadowcrest Estates, Inc., was dropped as a defendant.

We heard the matter de novo, as we are required to do. We reluctantly conclude the evidence mandates we find the defendant guilty as charged.

Our reluctance to find this defendant guilty stems from the concern we have that this complaint and a similar complaint separately brought against defendant for violating provisions of the ordinance, and likewise on appeal, is not brought in good faith, but rather because of differences existing between the prosecutor and defendant and precipitated by the entry of a court order, on application of defendant directing that a zoning permit issue.

We note particularly that the complaint was filed four days after the entry of such court order on May 9th for the offense occurring, according to the complaint, on April 28. Our concern has been invited by the unusual and incredible action of the prosecutor detailed in our opinion in Meadowcrest Estates, Inc. v. Harry T. Webster, et al., 5 Carbon 156 (1975). Suffice to note here that defendant filed an application for a zoning permit and, because it was not processed by Mr. Webster, defendant filed a mandamus proceeding, which led to the court order referred to. Prior to the entry of our court order, the zoning appeal board on April 21, after hearing, granted defendant a special use permit. From this action the supervisors of the township directed

their counsel to take an appeal. We thereupon, on defendant's application, having previously deferred final judgment to give the appeal board an opportunity to dispose of the matter, entered judgment in favor of defendant and directed a permit to issue.

Defendant, after the zoning appeal board's action on April 21, 1975, ordering the permit to issue, but without obtaining the required sewage or building permit, commenced construction of the building on or about April 25, assuming that since the planning commission had previously determined the land involved met sewage requirements, he would have no problem in proceeding without the required permits. In this assumption, he erred.

We are charged on appeal to enter such judgment and sentence as the evidence warrants: Commonwealth v. Alton, 209 Pa. Superior Ct. 168, 224 A. 2d 792 (1966); Commonwealth v. Ansell, 56 D. & C. 2d 759, 770 (1971). In carrying out these requirements, although we find defendant guilty, in view of all the circumstances, the fine imposed by the magistrate is excessive. The minimum fine provided for in the ordinance should be imposed.

Wherefore, we enter this

## ORDER

Now, September 22, 1975, we find defendant guilty of violating section 6.205 of Kidder Township Zoning Ordinance adopted October 25, 1973.

Unless defendant appears for sentence on September 30, 1975, at 9:30 a.m., the clerk of courts is directed to deduct the sum of $50, being the fine the court will impose, together with all costs, from sums heretofore paid by defendant and return to defendant any excess without any further deduction.